AMERICAN DISTRIBUTING CO. v. THORNE.

(Circuit Court of Appeals, First Circuit. April 14, 1903.)

No. 455.

1. MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

Plaintiff, who was employed by defendant as a common laborer, and was without special knowledge of machinery, was sent by defendant, with two others, to the top floor of a building to start a freight elevator which had stuck. Plaintiff had on previous occasions started it by shaking, and, in attempting again to do so, the elevator fell and plaintiff was injured. *Held*, that he was not chargeable as matter of law with contributory negligence or with having assumed the risk, it not appearing that he knew the cause of the stoppage or the danger that the elevator would fall if released, or that such cause or danger was obvious to one of his qualifications.

In Error to the Circuit Court of the United States for the District of Massachusetts.

For opinion on motion for new trial, see 117 Fed. 973.

S. Romney Spring (Matthews & Thompson, on the brief), for plaintiff in error.

Arthur Lord (Robert Walcott, on the brief), for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN. District Judges.

BROWN, District Judge. This is a writ of error to review the rulings of the Circuit Court in an action of tort wherein the plaintiff recovered a verdict for personal injuries resulting from the fall of a freight elevator. The declaration charged that the elevator was in an unsafe, dangerous, and defective condition; and the plaintiff in error does not upon its brief deny that there was evidence sufficient to justify a finding that the defendant was negligent.

The plaintiff in error contends that the jury was not warranted in finding that the plaintiff was in the exercise of due care; that it appears by the plaintiff's admission, as well as by the undisputed facts, that he was not in the exercise of due care; and that consequently the court should have directed a verdict for the defendant.

It was shown that the plaintiff, who was employed as a general laborer, was sent by the defendant's superintendent to the top floor of the defendant's building to see if he could start a freight elevator which had stuck there. The plaintiff was a laborer, without special knowledge of machinery and elevators, and on previous occasions had started the elevator by shaking it loose. The plaintiff and two other men went to the elevator, looked at it, and got upon the ele-

vator. There was evidence that the plaintiff hammered a certain nut, but it does not appear that this had anything to do with the fall of the elevator.

The plaintiff in error states that the bald fact is that the plaintiff, knowing only that the car was out of order, and not knowing what the matter was, jumped on it, and, with the assistance of two other men, shook it violently. This shaking was therefore the immediate cause of the starting of the elevator; but it must be assumed, upon the present presentation of the case, that the fall of the elevator was due to defects existing through negligence. While it was apparent to ordinary observation that the elevator had stuck, we are of the opinion that the Circuit Judge correctly instructed the jury that the mere fact that the plaintiff knew that there was some defect, the mere fact that he knew that the elevator was stuck and that it was in the habit of sticking, was not conclusive. We think there was a question for the jury as to whether, in view of the fact that the elevator had been started in this way on previous occasions without falling, there was any failure of reasonable care. The jury were instructed definitely that if they found that the defendant had proven that the plaintiff was guilty of want of reasonable care he could not recover. We find no error in the court's instructions upon the subject of the exercise of due care, and we think the court rightly refused to instruct the jury that as a matter of law, upon the facts in evidence, the plaintiff was not in the exercise of due care.

The plaintiff in error also insisted that, whether or not the plaintiff was in the exercise of due care, he assumed the risk of injury from the fall of the elevator. This, however, was certainly not one of the ordinary risks of the employment, and the court could not have instructed the jury that the risk of the falling of the elevator was an obvious risk. We think that the court was justified in submitting to the jury the question of assumption of risk, and that the defendant was not entitled to the instruction that, upon the evidence, the risk of a fall of the elevator was obvious and voluntarily assumed.

The plaintiff in error further contends that a new trial should be granted because the charge of the learned judge on the questions of due care and assumption of risk was such as to mislead and confuse the jury. As we have said, the question of reasonable care was properly submitted to the jury, with proper instructions. The principal objection to the charge of the court is based upon an expression used in connection with the question of assumption of risk. The instruction complained of is as follows:

"The defendant charges the plaintiffs with knowledge—a knowledge of the risk they were taking—and says that they took that risk with their eyes open. Well, gentlemen, if the defendant satisfies you by a preponderance of the case that that is true as a matter of fact, it is a defense to this case. But all I need to say about that is that a mere fact that a person knows there is a defect, the mere fact that these plaintiffs knew that there was some defect, the mere fact that they knew that the elevator stuck, that the elevator was in the habit of sticking, does not reach the case. Is it necessary that they should know that there was a defect, and that they should have understood and known, or ought to have known and understood, the consequences of that defect? Is there any evidence here, gentlemen, that these plaintiffs knew, or ought to have known, that this elevator would fall as a result of what was

being done up there or of what had occurred? Is there any evidence in the case it had ever fallen before? If, under like circumstances, it had fallen before, then, gentlemen, there would be good ground, perhaps, for claiming that they knew or ought to have known the risk they were taking when they got on the elevator. Is there any evidence that they knew, or ought to have known, that tapping the nut or bolt would have any effect? Is there any evidence in the case that it did have any effect? You are entitled to consider, upon this point, how much time and care has been taken in making you understand the operation of this elevator, and making you understand what was the cause of the accident. You are entitled to consider that in that connection you are entitled to consider whether these men who were, after all, only laborers—Mr. Thorne was described by Mr. Shufeldt as a general laborer —are chargeable with either knowing, or that they ought to have known, that either of them ought to have known, what would have been the result of what they did up there, that the result would be the falling of the elevator. If they did, if they knew it or ought to have known it, they took the risk, and they cannot recover. They were not bound to use reasonable care. That the Supreme Court has said distinctly. They were not bound to use reasonable care. They only assumed such risk as they knew, or ought, in their daily pursuits, to have known—that is, what was visible to them, plain to them, apparent to them. Perhaps, gentlemen, I have said upon that topic all I need to say, and all I can say to any advantage."

It thus appears that the expression, "they were not bound to use reasonable care," was expressly limited to the question of assumption of risk, and in such connection was a statement of the rule that an employé does not assume the risk arising from his employer's neglect to perform the duties owing to him with respect to the appliances furnished in the performance of these duties, and is under no obligation to use care to discover defects which he is entitled to assume do not exist. Texas & Pacific Railway Co. v. Archibald, 170 U. S. 665, 672, 18 Sup. Ct. 777, 42 L. Ed. 1188. Under the circumstances of this case the mere fact that the elevator had stuck did not, as a matter of law, impose upon the plaintiff the duty of making a general inspection of the condition of the elevator outside of the particular cause that made it stick. It was the duty of the defendant, if dissatisfied with any expression in the charge which seemed to be misleading and inaccurate, to have called such expression to the attention of the court, and to have requested more explicit instructions. No exception was taken specifically to this expression. Upon the conclusion of the charge many specific exceptions were taken and allowed, but there was no reference to this expression. The only assignment of error as to the court's instructions upon the question of assumption of risk is as follows:

"(12) The court erred in instructing the jury that the plaintiff, in order to assume the risk, must have known, or ought to have known, of the defect and consequences of the defect."

Neither this assignment of error, nor any exception taken at the trial, is a sufficient basis for the contention that a new trial should be granted because the charge of the learned judge was such as to mislead and confuse the jury.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers his costs in this court.